## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| GALYEAN EQUIPMENT COMPANY, INC. and GALYEAN L.P. | § § § | |
| Plaintiffs, | § § | No. 6:10-CV-179 |
| vs. | § § | |
| GLOBALFAB, L.L.C., TIMOTHY SCOTT THOMAS, JOEY M. DELAROSA and MERRILL JENSEN | § § § § | **JURY TRIAL DEMANDED** |
| Defendants. | § § | |

## PLAINTIFFS' MOTION FOR REMAND, REQUEST FOR ATTORNEYS' FEES, AND REQUEST FOR SANCTIONS

**NOW COMES** Galyean Equipment Company, Inc. ("Galyean") and Galyean L.P., (hereinafter collectively referred to as "Movants"), and respectfully submit this Motion for Remand, Request for Attorneys' Fees, and Request for Sanctions, and shows the following:

### I.

### INTRODUCTION

In December of 2009, Joey DelaRosa ("DelaRosa") and Scott Thomas ("Thomas") were employees of Galyean a Movant herein.  At the time of his employment, DelaRosa was one of the key individuals responsible for managing fabrication of component parts from Galyean's design plans and drawings.  Thomas was the plant manager for Galyean and "second in command," managing day to day operations of Galyean's manufacturing facility.  Galyean is in the business of designing and manufacturing salt-water tanker trailers and agricultural trailers.  Prior to being terminated by Galyean, DelaRosa and Thomas were involved with assisting a consulting engineer hired by Galyean to design a "low profile" trailer for Galyean.  Within months of their involvement with this engineer and these design efforts and unbeknownst to

Galyean, DelaRosa and Thomas filed a patent application for a "low profile" design trailer.  At approximately the same time, DelaRosa and Thomas had also been planning to utilize Galyean's confidential and proprietary information to start their own business, and in fact set up their own manufacturing facility.   In addition to utilizing Galyean's proprietary and confidential information, DelaRosa and Thomas converted Galyeans's equipment, employees' labor and materials to begin manufacturing their own "low profile" trailer at their facility while they were employed by Galyean.  Immediately prior to being terminated by Galyean, one or both of these individuals, without permission or authorization, connected an external hard-drive to each of their computers and downloaded onto that drive nearly all of Galyean's design plans for trailers and drawings for component parts.   Within an hour, one or both of these individuals, utilizing the same hard-drive, converted to PDF and downloaded Galyean's customer lists, vendor lists, pricing information on trailers, pricing information on component parts, and Galyean's entire file of corporate accounting information.   Thereafter, on January 21, 2010, Movants instituted litigation in Rusk County, 4th Judicial District to protect themselves, claiming conversion of confidential and proprietary information, as well as materials, and sought damages for the conduct of DelaRosa and Thomas, among others.

On April 27, 2010, GlobalFab, L.L.C., Timothy Scott Thomas, Joey M. DelaRosa, and Merrill Jensen (hereinafter collectively referred to as "Defendants"), filed their Notice of Removal (the "Notice") pursuant to 28 U.S.C. §§ 1331, 1338, 1367(a), 1441, and 1446.  A true and correct copy of the Notice is attached hereto as Exhibit "A" and is incorporated herein for all intents and purposes.  Defendants assert that removal is proper "as it is now understood that Plaintiffs' suit involves a federal question under the United States patent laws."  *See* Exhibit "A", Page 4, Paragraph 13.   Specifically, although Defendants acknowledge in the Notice that

Movants' state court petition alleges that Allen Galyean owns the intellectual property at issue in the state court litigation, they claim that they did not understand that to mean that Allen Galyean claimed inventorship of the intellectual property at issue. *See* Exhibit "A", Page 5, Paragraph 14. Defendants further claim that it was only at Allen Galyean's deposition, which was held on April 22, 2010, that they realized Allen Galyean was claiming to be the sole inventor of the referenced intellectual property, upon which Thomas and DelaRosa have allegedly filed a now pending patent application with the United States Patent and Trademark Office. *See* Exhibit "A", Page 5, Paragraph 14. It is this inventorship issue, which Defendants represent in the Notice that they just recently realized, that Defendants claim gives this Court jurisdiction to hear this cause. *See* Exhibit "A", Page 7, Paragraph 17. Defendants seemingly assert the Notice is timely because it was filed within thirty days of Allen Galyean's deposition, where the alleged federal question nature of Movants' claims was clarified. *See* Exhibit "A", Page 3, Paragraph 9.

## II.

### SUBSTANTIVE DEFECT

Defendants' assertion that this Court has jurisdiction over this matter as a result of their allegedly newly found inventorship issue is incorrect. In *E.I. Du Pont de Nemours & Co. v. Okuley*, the appellate court sought, in part, to determine if a district court had jurisdiction over an inventorship issue in a pending patent application. 344 F.3d 578 (6th Cir. 2003). In its analysis, the court pointed out that 35 U.S.C.S. § 116, which deals with inventorship issues for pending patent applications, "does not mention courts, but rather gives discretion to the Director of the PTO to permit amendments to patent applications and to do so under such terms as the director deems proper." *Id.* at 583-584. The court further pointed out that 35 U.S.C.S. § 256, which deals with inventorship issues for issued patents, "by contrast, explicitly mentions the courts and

the authority of the courts to compel action by the Director." *Id*. The court then held that "comparing these two sections, it is clear that Congress intended to draw a distinction between patent applications and issued patents." *Id*. The court further held that "while the patent is still in the process of gestation, it is solely within the authority of the Director." *Id*. "As soon as the patent actually comes into existence, the federal courts are empowered to correct any error the Director may have committed." *Id*. The court then stated that "such a scheme avoids premature litigation and litigation that could become futile if the Director declined to grant a patent or voluntarily acceded to the claims of the would-be inventor prior to issue." *Id*. Accordingly, the appellate court held that the "district court lacked jurisdiction to review the inventorship of an unissued patent." *Id*.

In the case at hand, Defendants are asking this Court to determine the inventorship with regard to a pending application and actually cite to 35 U.S.C.S. § 116 as a basis for this Court's alleged jurisdiction to do so. *See* Exhibit "A", Page 4, Paragraph 13. Pursuant to *E.I. Du Pont de Nemours & Co.*, however, this Court lacks jurisdiction to review the inventorship with regard to an unissued patent. As such, Defendants have failed to provide a single valid basis for this Court to exercise jurisdiction over the instant matter. Moreover, no valid basis for this Court to exercise jurisdiction over the instant matter exists.[1]

---

[1] To the extent that Defendants assert ownership of the intellectual property at issue gives rise to federal question jurisdiction, it is important to note that only "inventorship, the 'question of who actually invented the subject matter claimed in a patent,' is a question of federal patent law. *E.I. Du Pont de Nemours & Co.* at 582 (*citing Beech Aircraft Corp. v. Edo Corp.*, 990 F.2d 1237, 1248 (Fed. Cir. 1993)). "Ownership, however, is a question of who owns legal title to the subject matter claimed in the patent, patents having attributes of personal property" and is not a question of federal patent law. *Id.*

### III.

#### PROCEDURAL DEFECT

Defendants go to great lengths to try and establish that they timely filed the Notice.  In that vein, Defendants cite 28 U.S.C. § 1446(b), which states, in part, that "a notice of removal may be filed within thirty days after the receipt of defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable."  *See* Exhibit "A", Page 3, Paragraph 10.  Defendants then go on to seemingly assert that Allen Galyean's deposition can be used as "other paper" from which Defendants first ascertained the instant matter is one which is or has become removable.  *See* Exhibit "A", Page 3, Paragraph 11.  Defendants finally assert that the Notice was filed within thirty days of Allen Galyean's deposition, where testimony was given that clarified the federal question nature, namely the inventorship issue, of Movants' claims.  *See* Exhibit "A", Page 3, Paragraph 9.

Defendants' removal of the instant matter was not timely.  It was clear from the face of Movants' state court petition and its exhibits that Allen Galyean claimed to be the sole inventor and owner of the intellectual property at issue in this matter.  As correctly stated in Paragraph 40 of the Original Complaint filed on April 12, 2010 by GlobalFab, L.L.C. and Thomas, two of the Defendants in this removed action, in a separate case that is currently pending before this very Court, "Allen Galyean has further asserted that he is the *inventor* and owner of Thomas and DelaRosa's design and concept for the low profile trailer." (emphasis added).  A true and correct copy of Plaintiffs' Original Complaint, without its exhibits, is attached hereto as Exhibit "B" and is incorporated herein for all intents and purposes.  GlobalFab, L.L.C. and Thomas go on in Paragraph 40 to state that these assertions "are from Allen Galyean's affidavit as filed in a state

court civil action (4th District Court of Rusk County, No. 2010-017) on January 21, 2010." *See* Exhibit "B". GlobalFab, L.L.C. and Thomas then identify several specific statements from Allen Galyean and conclude that "through these statements, among others in the affidavit, Allen Galyean has asserted not only that he owns Thomas and DelaRosa's design and concept for the low profile tank trailer, but that he *invented* it because the designs were under his name and located on this computer."[2] *See* Paragraph 40 of Exhibit "B". (emphasis added).

At the very latest, all Defendants in the state court case were on notice that Allen Galyean claimed inventorship of the intellectual property at issue when they were served with the Original Petition in the instant matter on January 21, 2010, as established by two of the Defendants herein. *See* Paragraph 40 of Exhibit "B". The state court case was not removed until April 29, 2010, some three (3) months after Defendants became aware of Allen Galyean's claim of inventorship. Rather than the approximately ninety (90) days taken by Defendants, 28 U.S.C. § 1446 permits only thirty (30) days. Accordingly, the Notice was not timely filed and should fail for this procedural defect.

## IV.

### REQUEST FOR ATTORNEYS' FEES

When granting a motion for remand, a district court may order the removing party to pay the opposing party its "just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). As the Fifth Circuit has noted, the commentary to §1447(c) states that the central question in determining whether to impose fees on remand to

---

[2] It is important to note that the very same counsel represents GlobalFab, L.L.C. and Timothy Scott Thomas in both the instant currently removed matter, as well as the federal suit represented in Exhibit "A". As such, counsel for GlobalFab, L.L.C. and Timothy Scott Thomas have now represented to this Court, in separate matters, that Allen Galyean claimed inventorship of the intellectual property at issue on January 21, 2010, but that they were not aware that Allen Galyean claimed inventorship of the intellectual property at issue until his deposition on April 22, 2010. Both statements cannot be made in good faith.

state court is the propriety of the removal. *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993) (citing David D. Siegel, Commentary on 1988 Revision of 28 U.S.C.A. §1447 (West Supp. 1993)).  In other words, the court should consider "whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. Tex. 2000).

In the instant matter, Defendants did not have objectively reasonable grounds to believe the removal was legally proper.  Based upon the arguments laid out in Section II above, it is clear that inventorship of an unissued patent is not a federal question.  Further, Defendants cannot, in good faith, interpret the cited caselaw to mean that this Court has jurisdiction over the inventorship issue they claim to have recently become aware of.  Accordingly, Defendants did not have objectively reasonable grounds to believe that this Court had jurisdiction over this matter, but chose to file the Notice anyway.

Defendants also did not have objectively reasonable grounds to believe that they timely filed the Notice.  It is clear from Section III and Footnote 2 above that Defendants knew approximately ninety (90) days before the Notice was filed that Allen Galyean claimed to be the sole inventor of the intellectual property at issue.  In fact, that very assertion was actually made by two of the Defendants in this matter in a complaint that instituted litigation that is currently pending in this Court.  *See* Paragraph 40 of Exhibit "B".  As such, Defendants cannot now claim in good faith that the Notice was timely filed within the thirty (30) day removal window that Defendants acknowledge applies.

Defendants did not have objectively reasonable grounds to believe the removal was legally proper, on both substantive and procedural grounds.  Accordingly, Movants should be awarded "just costs and any actual expenses, including attorney's fees, incurred as a result of the

removal" pursuant to 28 U.S.C. § 1447(c) in the amount of $5,000.00.  *See* Affidavit of Gregory P. Love attached as Exhibit C.

**V.**

**RULE 11 SANCTIONS**

Movants also request that the Court sanction Defendants under Rule 11 of the FEDERAL RULES OF CIVIL PROCEDURE for removing this case in a frivolous and vexatious manner.  Rule 11 states that an unrepresented party or attorney's signature on a document filed with the court certifies, in part, that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:  (1) it is not being presented for any improper purpose, such as to harass, cause an unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support, or if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."

Defendants have violated Rule 11 of the FEDERAL RULES OF CIVIL PROCEDURE. Defendants had no good faith basis upon which to file the Notice.  It is clear that no federal question exists and that the Notice was not timely filed.  Nevertheless, Defendants moved forward and filed the Notice without concern for the merits or truth of the statements made in same.  In fact, as stated above, counsel for GlobalFab, L.L.C. and Thomas filed a complaint on April 12, 2010, which is currently pending in this Court, asserting that Allen Galyean claimed inventorship of the intellectual property at issue, specifically referencing the low profile tank trailer that is the subject of the Notice, on January 21, 2010.  *See* Paragraph 40 of Exhibit "B".

The same counsel then filed the Notice on April 27, 2010, just fifteen (15) days later, and represented that it was timely because they did not realize that Allen Galyean claimed inventorship of the low profile tank trailer until his deposition on April 22, 2010.  *See* Exhibit "A".   Quite simply, both statements are diametrically opposed and cannot both be true. Accordingly, it is clear that Defendants made statements in the Notice that were untrue in an effort to overcome the fact that they could not timely remove the state court action to federal court.

Based upon the preceding paragraph, the assertions made by Defendants in the Notice are clearly not supported by existing law, nor did Defendants factual assertions have evidentiary support.   Rather, Defendants filed the Notice, which was improper, for the purpose of delaying Movants in the prosecution of the state court matter and to create unnecessary litigation expenses for Movants.   Accordingly, Defendants should be sanctioned in accordance with Rule 11 of the FEDERAL RULES OF CIVIL PROCEDURE .

## VI.

### CONCLUSION

Defendants improperly removed the instant matter.   Specifically, there is no federal question giving rise to jurisdiction, nor did Defendants timely file the Notice.   Moreover, Defendants did not have objectively reasonable grounds to believe the removal was legally proper and filed the Notice in bad faith.   As such, this matter should be remanded, Movants should be awarded the attorneys' fees and costs incurred as a result of the Notice and subsequent requested remand, and Defendants should be sanctioned in accordance with Rule 11 of the FEDERAL RULES OF CIVIL PROCEDURE.

Respectfully submitted,

/s/ *Gregory P. Love*

_____

Greg P. Love
State Bar No. 24013060
Matthew M. Hill
State Bar No. 24041101
Jason A. Holt
State Bar No. 24041122
STEVENS LOVE
P.O. Box 3427
Longview, Texas 75606
Tel: 903-753-6760
Fax: 903-753-6761
greg@stevemslove.com
matt@stevenslove.com
jason@stevenslove.com

Attorneys for Movants


## CERTIFICATE OF CONFERENCE

I hereby certify that on May 13, 2010, Plaintiffs' attorneys conferred with Defendants'

attorneys and Defendants oppose Plaintiffs' Motion for Remand, Request for Attorneys' Fees

and Request for Sanctions.

/s/  *Gregory P. Love*
Gregory P. Love


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in
compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who are
deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R.
Civ. P. 5(d) and Local Rule CV-5(e), all other known counsel of record not deemed to have
consented to electronic service were served with a true and correct copy of the foregoing by
email or by facsimile, on this the 13th day of May 2010.

/s/  *Gregory P. Love*
Gregory P. Love